Judge Buckner,
delivered the opinion of the court.
Shadrack sued Milam before a justice of the peace and recovered judgment for $27, and costs, from which the latter appealed to the circuit court.
On the trial of the case in that court, before the jury had retired from the bar to consider of their verdict, the lawyer of the appellee wishing to suffer a non-suit,so informed the court, and moved that the entry might be made accordingly, to which the appellant objected, insisting that in such cases the ap-pellee had no right to suffer a non-suit, because the judgment entered by the magistrate would be in full force. The court sustained the objection, whereupon the lawyer of the appellee (the appellee himself not having appeared in court) absented himself, declaring his determination not further to prosecute the suit; but the jury were directed to retire to their room, which they did, and returned a verdict in favor of the appellant, upon which judgment was accordingly entered. To reverse it, Shadrack prosecutes this writ of error.
From the provisions of the statute regulating appeals from the judgment of a magistrate to the circuit court, it is evident that the appellee stood in that court as plaintiff in the cause. It was to be tried and determined, in all respects, as it tvould or might have been had it been originally instituted in that court, and as if no trial had been previously had thereon. After the appeal prosecuted by Milam, the magistrate had no right to issue an execution on it, and had the non-suit been entered, it is equally clear that no exe* cution,cou!d be issued on the judgment appealed from.
We are, therefore, of the opinion that the appellee had a right to suffer a non-suit, and that the circuit court, consequently, erred in directing the jury to retire and find a verdict, and in entering judgment for Milam on the verdict returned.
The judgment must be reversed with costs, and the cause remanded to the circuit court.